Leib M. Lerner (CA State Bar No. 227323)
Anthony L. Greene (CA State Bar No. 302044)
Alina A. Ananian (CA State Bar No. 322905)
**ALSTON & BIRD LLP**
333 S. Hope Street, 16th Floor
Los Angeles, CA 90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100
Email: leib.lerner@alston.com
Email: anthony.greene@alston.com
Email: alina.ananian@alston.com

Proposed Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>XTAL Inc.,<br><br>Debtor | Bankruptcy Case No.: 18-52770<br><br>Chapter 11<br><br>Adversary No.:<br><br>**NOTICE OF REMOVAL** |
| ASML US, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>XTAL, INC.,<br><br>    Defendant. | |

1

NOTICE OF REMOVAL

XTAL Inc., the above-captioned debtor and debtor-in-possession (the "**Debtor**"), pursuant to 28 U.S.C. §§ 157, 1334, and 1452, Federal Rule of Bankruptcy Procedure ("**FRBP**") 9027, and Local Bankruptcy Rule ("**LBR**") 9027-1, by and through its undersigned counsel, hereby removes to the Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**") any and all claims and causes of action asserted in the civil action filed in the Santa Clara Superior Court (the "**Superior Court**"), pending as case number 16-cv-295051 (the "**Superior Court Case**"). This Notice of Removal is supported by the Debtor as follows:

## I.     NOTICE OF REMOVAL

1. Removal of the Superior Court Case and all claims and causes of action therein is effected upon the filing of a copy of this Notice of Removal with the Clerk of the Superior Court pursuant to FRBP 9027(c). The parties to the Superior Court Case shall proceed no further in the Superior Court unless and until the Superior Court Case is remanded to the Superior Court.

## II.     GENERAL BACKGROUND

A. Commencement of the Bankruptcy Case

2. The Debtor filed a voluntary Chapter 11 case in the United States Bankruptcy Court for the Northern District of California on December 17, 2018 (the "**Petition Date**"). The case was assigned to the Honorable M. Elaine Hammond, and bears case number 18-52770 (the "**Bankruptcy Case**"). No trustee has been appointed, and the Debtor remains a debtor-in-possession.

B. The Superior Court Case

3. The Debtor specializes in yield enhancement and optimization software with hardware acceleration targeting the semiconductor ecosystem. The Plaintiff in the Superior Court Case, ASML US, Inc. ("**ASML**") initiated the case on May 11, 2016 by filing a verified complaint (the "**Complaint**") against the Debtor alleging causes of action for (1) aiding and abetting breach of duty of undivided loyalty; (2) inducing breach of contract; (3) intentional interference with prospective economic relations, and (4) civil conspiracy. ASML also seeks a permanent injunction. After a jury trial, a verdict was issued on November 28, 2018. As of the Petition Date, the Superior Court Case has been stayed as against the Debtor. A punitive damages phase of the trial, which was set for

December 19, 2018, did not go forward. No final judgment has been entered. As set forth below, because continued pursuit of the claims and causes of action comprising the Superior Court Case are core or will otherwise directly affect the Debtor's rights and liabilities and the administration of the Debtor's bankruptcy estate, pursuant to this Notice of Removal, the Debtor hereby removes all claims and causes of action comprising the Superior Court Case.

### III. REMOVAL JURISDICTION

A. 28 U.S.C. 1452(a)

4. 28 U.S.C. § 1452(a) provides that:

> *A party may remove any claim or cause of action in a civil action* other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, *if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.* (emphasis added)

5. Therefore, removal is appropriate if the district court would have jurisdiction over the Superior Court Case under 28 U.S.C. § 1334. In relevant part, 28 U.S.C. § 1334(b) provides that:

> ...the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

6. The claims and causes of action brought in the Superior Court Case do not "arise in" the Bankruptcy Case, but if the claims or causes of action brought by the Complaint "arise under" or are "related to" the Bankruptcy Case, then removal jurisdiction is appropriate under 28 U.S.C. § 1452 because there is jurisdiction pursuant to 28 U.S.C. § 1334(b).

B. "Arising Under" Jurisdiction

7. 28 U.S.C. § 157(b) provides that, "Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11." 28 U.S.C. § 157(b)(2) specifies a list of core proceedings (arising under title 11). The claims and causes of action in the Superior Court Case constitute "core" matters in the following respects:

a. They are matters concerning the administration of the bankruptcy estate (28 U.S.C. § 157(b)(2)(A));

b. They are matters concerning the allowance or disallowance of claims against the estate (28 U.S.C. § 157(b)(2)(B));

c. They are matters concerning counterclaims by the estate against persons filing claims against the estate (28 U.S.C. § 157(b)(2)(B));

d. They are proceedings that may determine orders to turn over property of the estate (28 U.S.C. § 157(b)(2)(E))

e. They are matters concerning other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor relationship (28 U.S.C. § 157(2)(0)).

8. The thrust of ASML's claims in the Superior Court Case is that Debtor used Plaintiff's trade secrets for Debtor's own benefit. The determination on these issues will have significant and direct and direct impact on the administration of the Debtor's estate, the bankruptcy proceedings and the liquidation of Debtor's assets. Because the Superior Court Case is comprised entirely of "core" matters, the claims and causes of action brought in the Superior Court Case "arise under" title 11 and therefore confer original jurisdiction of the Superior Court Case in the District Court (and the Bankruptcy Court by reference from the District Court).

C. <u>"Related To" Jurisdiction</u>

9. In the Ninth Circuit, a civil action is "related to" a pending bankruptcy case if "[its] outcome could conceivably have any effect on the estate being administered in bankruptcy." *In re Fietz,* 852 F.2d 455, 457 (9th Cir. 1988) *(quoting Pacor, Inc. v. Higgins,* 784 F.2d 984, 994 (3d Cir. 1984)). Adopting the test enunciated in *Pacor,* the Ninth Circuit has determined that "[a]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Id.* In *In re Fietz,* the Ninth Circuit determined that this definition promotes Congress's objective to facilitate "the efficient and expeditious resolution of all matters connected to the bankruptcy estate." *Id.*

10. The Superior Court Case is "related to" the Bankruptcy Case because the Superior Court Case asserts claims against the Debtor, the outcome of the Superior Court Case could alter the

Debtor's rights and liabilities, and the outcome will inevitably have a significant impact on the handling and administration of the Debtor's bankruptcy estate. There are also cross-claims asserted by the Debtor, which are on appeal.

### IV. COMPLIANCE WITH FEDERAL AND LOCAL RULES

11. This Notice of Removal is properly filed with the Clerk of the Bankruptcy Court, and is signed pursuant to Bankruptcy Rule 9011. It is accompanied by a copy of all available process and pleadings. *See* FRBP 9027(a)(1).

12. This Notice of Removal is timely as removal was effected within ninety days of the Petition Date. FRBP 9027(a)(2).

13. Upon removal, the claims and causes of action in the Superior Court Case constitute "core" matters. To the extent that the claims and causes of action prosecuted in the Superior Court Case should not be deemed "core" matters, the Debtor consents to the entry of final orders or judgment by the Bankruptcy Court. FRBP 9027(a)(1); LBR 9027-1(a).

14. The Debtor will serve a copy of this Notice of Removal upon all parties to the Superior Court Case, and will file a copy of the Notice of Removal with the Superior Court. FRBP 9027(b)-(c)

DATED: January 7, 2019

LEIB M. LERNER
**ALSTON & BIRD LLP**


/s/  Leib M. Lerner
　　　　　Leib M. Lerner
Proposed attorneys for Debtor, XTAL Inc.