

RICHARD A. LAPPING (SBN 107496)
   Rich@TrodellaLapping.com
TRODELLA & LAPPING LLP
Richard A. Lapping (SBN: 107496)
Trodella & Lapping LLP
540 Pacific Avenue
San Francisco, CA  94133
Telephone:   (415) 399-1015
Facsimile:    (415) 651-9004

PATRICK M. RYAN (SBN 203215)
   pryan@bzbm.com
SEAN R. McTIGUE (SBN 286839)
   smctigue@bzbm.com
BARTKO ZANKEL BUNZEL & MILLER
A Professional Law Corporation
One Embarcadero Center, Suite 800
San Francisco, California 94111
Telephone: (415) 956-1900
Facsimile:  (415) 956-1152

Attorneys for Creditor ASML US, LLC,
f/k/a ASML US, Inc.

The following constitutes the order of the Court.
Signed: February 4, 2019

_____
**M. Elaine Hammond**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>XTAL, INC.,<br><br>　　　　Debtor. | Case No.: 18-52770-MEH<br><br>Chapter 11 |
| ASML US, INC,<br><br>　　　　Plaintiff,<br>　　v.<br>XTAL, INC.,<br><br>　　　　Defendant. | Adversary No.:  19-05002-MEH<br><br>**ORDER GRANTING MOTION FOR REMAND OF STATE COURT ACTION**<br><br>Date:　　　　January 24, 2019<br>Time:　　　　1:30 p.m.<br>Judge:　　　Hon. M. Elaine Hammond<br>Courtroom:　3070 |

The Court heard the motion of Plaintiff ASML US, LLC, f/k/a ASML US, Inc. ("ASML") for remand ("Motion") of the action styled *ASML US, Inc., vs. XTAL, Inc.* to the Superior Court of Santa Clara County ("Superior Court") where it was previously pending as Case No. 16-CV-295051, in Department 8 of said court before the Honorable Sunil R. Kulkarni, Judge of the Superior Court ("State Court Action") on January 24, 2019, which was removed to this Court on January 7, 2019, as Adversary Case No. 19-05002-MEH ("Adversary Proceeding"). Richard A. Lapping of Trodella & Lapping LLP, and Patrick M. Ryan and Sean R. McTeague of Bartko Zankel Bunzel & Miller appeared for ASML; and Leib M. Lerner, Ryan W. Koppelman, and Helen Su of Alston & Bird LLP appeared for Defendant-Debtor, XTAL Inc. ("Debtor").

The Court having read and considered the papers, argument and other matters submitted by the parties, GRANTS the Motion and hereby remands the Adversary Proceeding back to the Santa Clara Superior Court, Department 8, Honorable Sunil R. Kulkarni, Judge of the Superior Court presiding. This Order is made on the basis of the following Findings of Fact and Conclusions of Law in accordance with Federal Rule of Bankruptcy Procedure 7052.[1]

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

### I. STANDING

Debtor asserts that ASML US, LLC lacks standing because ASML US, Inc. pursued the Superior Court case.

As evidenced by the Delaware corporate filing submitted in support of the reply, these indicate that ASML US, Inc. converted to ASML US, LLC through a certificate of conversion filed December 19, 2017. Simultaneously with the conversion, ASML US, LLC was formed and it was then timely registered as a foreign limited liability company in California. For the purpose of this ruling, Debtor concedes that ASML US, LLC is a party in interest pursuant to 11 U.S.C. § 1109. The parties agree that this is sufficient for the Court's ruling on this Motion to Remand.

### II. ASML'S FILING OF THE NOTICE OF PARTY NAME CHANGE

Debtor' argument that the filing of the Notice of Party Name Change on December 18, 2018, was a stay violation is misplaced. The case Debtor relies upon is clearly distinguishable. Debtor cites

---

[1] This order is an unofficial transcript of the court's oral ruling issued on the record at the conclusion of the January 24, 2019 hearing.

to *In re Hooker Investments*, 116 B.R. 375 (Bankr. S.D.N.Y. 1990). However, in *Hooker* the party who sought to substitute in as plaintiff did so in order to remove the debtor as plaintiff. Thus, the act of substituting in as plaintiff precluded the debtor from asserting its own interest in the action. It was this displacement of debtor's interest that the court found violated the stay, not the mere act of substituting a party.

**III. REMAND**

**A. Governing Standards**

28 U.S.C. § 1452(b) authorizes this Court to remand an action on any equitable ground. As recognized by *Things Remembered vs. Petrarca*, 516 U.S. 124 (1995), the authorization to bankruptcy courts for removal or remand is to enlarge the authority provided elsewhere in the judicial code. Here, remand is discretionary.

Consistent with the parties' briefs, the Court will apply the seven factors generally regarded in the Ninth Circuit as applying to remand, along with the abstention factors recognized by *In re Tucson Estates, Inc.*, 912 F.2d 1162 (9th Cir. 1990). In their briefing, the parties referred to this collectively as the *Cytodyn* factors, *In re Cytodyn of New Mexico*, 374 B.R. 733, 738 (Bankr. C.D. Cal. 2007). As a number of these factors arise out of abstention analysis, they do not squarely fit with remand.

**B. Application of the *Cytodyn* Factors**

**1. The Effect or Lack Thereof on the Efficient Administration of the Estate if a Court Recommends Remand**

The first factor is the effect or lack thereof on the efficient administration of the estate if a court recommends remand. This is the heart of the matter. The Superior Court action arose out of ASML's claims that Debtor misappropriated its trade secrets. Prior to the bankruptcy filing, this litigation was tried to a jury who found for ASML and awarded it damages. Debtor then filed bankruptcy prior to a second bench-trial portion where the Superior Court was to determine punitive damages and injunctive relief.

In response to ASML's stay relief motion, Debtor removed the Superior Court action to this Court. ASML now seeks to have this Court remand the suit to the Superior Court for a determination

of punitive damages, injunctive relief, and the final judgment amount. Of this, the central issue is what injunctive relief, if any, is appropriate because ASML seeks to protect its interest and the Debtor seeks to sell its assets through this bankruptcy case.

Debtor asserts that remand will needlessly increase expenses and require an extended period of time. ASML focuses on the fact that the Superior Court judge anticipated deciding these two issues following a one-day bench trial. The Court notes that a determination of punitive damages is likely to be a waste as such award would likely be disallowed or subordinated and realistically is unlikely to ever be recovered. However, determination of injunctive relief by the judge who presided over the jury trial significantly increases the efficient administration of the estate. The time and expense required to educate this Court on the factual and legal issues determining injunctive relief is significantly greater than presenting the issue to the original court.

Further, once the initial question of whether and to what extent an injunction is appropriate is determined, this Court can better answer the bankruptcy question of whether the Debtor's assets may be sold or sold free and clear of any such interest. The Court does not find that combining these two steps into one, as suggested by Debtor, will be more efficient. Rather, it is likely to result in an incohesive presentation of the issues and delayed decision. As such, the Court finds that the first factor weighs in favor of remand.

### 2. The Extent to Which State Law Issues Predominate Over Bankruptcy Issues

State law issues predominate over the issues that ASML seeks to have decided on remand, that they are entirely state law issues. Following the determination of a judgment amount or injunction, then bankruptcy issues will predominate. It is important to recognize that in the context of this case and these facts, whether decided in superior court or bankruptcy court, the state law issues must be resolved before the bankruptcy analysis of the ability to sell free and clear can be applied. The Court finds that for the purposes of remand analysis, the state law issues predominate.

### 3. The Difficulty or Unsettled Nature of Applicable Law

The parties agree that state law on these issues is settled. As such, this is generally interpreted as weighing against remand.

### 4. The Presence of a Related Proceeding Commenced in State Court

This factor arises in the abstention context and is nonsensical when applied to remand, as by definition, the related state court proceeding is now in bankruptcy court where its future is being evaluated. As such, the Court finds that this factor is not applicable to the analysis.

### 5. The Jurisdictional Basis, if any, Other than 28 U.S.C. § 1334

Section 1334 is the only basis for federal jurisdiction in this case. The case presents a dispute between two entities incorporated in Delaware with principal places of business in California arising under California law. As such, this weighs in favor of remand.

### 6. The Degree of Relatedness or Remoteness of the Proceeding to the Main Bankruptcy Case

As discussed in the context of the first factor, the Court finds this proceeding strongly related to the bankruptcy case. But that relationship is serial rather than contemporaneous. Thus, the Court finds this factor weighs in favor of remand.

### 7. The Substance Rather than Form of an Asserted "Core" Proceeding

Debtor argues that the substance of this proceeding should focus on Debtor's proposed sale of assets rather than the determination of rights between the parties. The analysis provided related to the sixth factor is also applied here. While this factor weighs in favor of remand, the Court finds that the issues here are so nebulous as to apply little weight at all.

### 8. The Feasibility of Severing State Law Claims from Core Bankruptcy Matters to Allow Judgments to Be Entered in State Court with Enforcement Left to the Bankruptcy Court

Debtor argues that the fact that its ultimate intent is to sell assets collapses the inquiry into single determination of the allowed claim in its salability. The Court disagrees. In any bankruptcy case, numerous decisions such as the extent of liens and value of assets affect the salability of a debtor's assets and ultimate recovery. But these remain separate questions to be decided. The Court finds that this factor weighs in favor of remand.

### 9. The Burden on the Bankruptcy Court's Docket

Normally, the Court finds that this factor does not apply. However, as resolving the state

court issues would require this Court to learn the applicable state law, review extensive trial testimony and the exhibits, and apply this analysis to additional questions not decided by the jury, the Court finds that duplication of work already performed by the state court will place a burden on this Court's docket.

### 10. The Likelihood that Commencement of the Proceeding in Bankruptcy Court Involves Forum Shopping

Both the remand motion and the bankruptcy filing are attempts by the parties to have this proceed in a forum each side views as being more hospitable. The filing of a bankruptcy following a large judgment is not improper nor is the desire to have a court that oversaw a trial enter the final judgment. Applied here, the Court finds this factor to be neutral.

### 11. Right to a Jury Trial

As a jury trial has already been completed, the Court finds this factor to no longer apply.

### 12. The Presence in the Proceeding of Non-Debtor Parties

Debtor and ASML are the only parties to the litigation. ASML is the overwhelming creditor in this Chapter 11. As a result, the Court finds that this factor does not apply.

### 13. Comity

The general rule is that comity supports permitting issues of state law to be determined by a state court absent other factors dictating otherwise. *Bally Total Fitness Corp. vs. Contra Costa Retail Center*, 384 B.R. 566 (Bankr. N.D. Cal. 2008). Debtor argues that for the reasons it raised in the preceding factors, there are significant factors that dictate otherwise. As is evident from the preceding analysis, the Court disagrees with Debtor's analysis on the prior factors, and as such, does not agree here. The Court finds that this factor weighs in favor of remand.

### 14. The Possibility of Prejudice to Other Parties in the Action

There are no other parties with significant interest in this bankruptcy or the prior state court action. The only other parties addressed in this case thus far are two employees who are subject to separate arbitration proceedings brought by ASML. Accordingly, the Court finds that this factor does not apply.

### C. Balancing the *Cytodyn* Factors

In sum, the Court finds that seven of the factors weigh in favor of remand, one against and six are generally not applicable or persuasive. On this basis, ASML's motion to remand is GRANTED.

Therefore, IT IS HEREBY ORDERED that the Motion for Remand of the State Court Action is GRANTED.

APPROVED AS TO FORM:

ALSTON & BIRD LLP

By: /s/ Leib M. Lerner
 Leib M. Lerner
 Attorneys for Defendant XTAL, Inc.

**END OF ORDER**

Trodella & Lapping LLP
540 Pacific Avenue
San Francisco, CA 94133

COURT SERVICE LIST

ECF Participants